**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CYNTHIA R. DECKER,

        Plaintiff,

v.                                                                          CASE NO.:

                                                                            **JURY TRIAL DEMANDED**

LAKE HARNEY WOODS PROPERTY
OWNERS ASSOCIATION, INC.; and DHN
ATTORNEYS, P.A.,

        Defendants.

_____/

## COMPLAINT

Plaintiff, CYNTHIA R. DECKER, (hereinafter "Plaintiff"), by and through the undersigned counsel, brings this Complaint against Defendants, LAKE HARNEY WOODS PROPERTY OWNERS ASSOCIATION, INC. (hereinafter "LHWPOA"), and DHN ATTORNEYS, P.A. (hereinafter "DHN ATTORNEYS") (collectively "Defendants"), and in support thereof allege Defendants violated the Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act by pursuing an invalid debt through unfair practices. 15 U.S.C. § 1692c and Fla. Stat. § 559.72.

## INTRODUCTION

1. Plaintiff alleges violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") and requests this Court to enjoin Defendants' conduct, declare Defendants' conduct in violation of the FDCPA and FCCPA, and allow Plaintiff to recover damages due to Defendants' violation of each act.

2.  In summary, Defendants knowingly and willfully pursued a satisfied debt from Plaintiff through unfair collection practices, including by filing a Notice of Claim of Lien on Plaintiff's property and threatening foreclosure, in violation of both the FDCPA and FCCPA.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to § 813(d) of the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplementary jurisdiction over the FCCPA state claim pursuant to 18 U.S.C. § 1367.

4.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here. 28 U.S.C. § 1391(b)(2), (c) and (d).

## PARTIES

5.  Plaintiff is a natural person, and citizen of the State of Florida, and resides in Volusia County, Florida.

6.  Defendant, LHWPOA, is a Florida corporation with its principal place of business located at 2180 West SR 434, Ste. 5000, Longwood FL 32779.

7.  Defendant, DHN ATTORNEYS, is a Florida corporation with its principal place of business located at 3203 Lawton Rd., Ste 125, Orlando, FL 32803.

## FACTUAL ALLEGATIONS

8.  Plaintiff is a "consumer" pursuant to the FDCPA, 15 U.S.C. § 1692a(3).

9.  Plaintiff is a "debtor" pursuant to the FCCPA, Florida Statute § 559.55(8).

10. Defendant, DHN ATTORNEYS, is a "debt collector" under U.S.C. § 1692a(6) in that it uses the U.S. Mail in a business whose primary purpose is the collection of debts.

11. Further, DHN ATTORNEYS is a "debt collector" pursuant to 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7) as DHN ATTORNEYS regularly attempts to collect debts owed or due to another.

12. Defendants are each a "person" within the meaning of the FCCPA as it is used in Fla. Stat. § 559.72.

13. The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6), as it arises from personal, family or household transactions.

14. Plaintiff is a joint owner of property located at 1535 Lake Harney Woods Blvd., Mims, FL 32754 (hereinafter "Property") managed by LHWPOA.

15. LHWPOA, at all times relevant hereto, has a duty to maintain accurate records for all association members.

16. Under information and belief, both DHN ATTORNEYS and Bono & Associates, at all times relevant to the allegations of this Complaint, were the employees of LHWPOA and were its actual or apparent agents.

17. Plaintiff is required to pay annual assessment fees to LHWPOA through whichever management company they assign for the period of maintenance of the Lake Harney Woods subdivision as approved by the owners and the Board of LHWPOA.

18. On or about 2019, Plaintiff failed to timely pay 2019 annual assessments in the amount of $625.00 to LHWPOA, causing their account, Account LHW18568, (hereinafter "HOA Account") to go into arrears.

19. On or about March 11, 2019, Bono & Associates, LHWPOA's management company at the time, contacted Plaintiff by U.S. Mail to collect the amount of $664.63 in arrears. This amount included administrative fees, late fees, interest, and assessments on Plaintiff's Property.

20. On or about April 4, 2019, Bono & Associates, on behalf of LHWPOA, sent Plaintiff a
    Certified Intent to Lien to Plaintiff directing Plaintiff to pay the amount of $716.58 in full
    within 45 days for arrears on their HOA Account to avoid further action pursuant to Fla.
    Stat. § 720.3085. The letter instructed Plaintiff to send payment directly to Bono &
    Associates for the amount owed and payable to LHWPOA ("Exhibit 1").

21. On or about May 20, 2019, Plaintiff, Cynthia Decker, went to Bono & Associates in person
    and timely delivered payment in full to Michael Bono through Check Number 2542 made
    to the order of Lake Harney Woods HOA in the amount of $892.83, drawn on Plaintiff's
    checking account, Double Decker Construction, at Bank of America (hereinafter "Check")
    ("Exhibit 2").

22. On or about May 20, 2019, Plaintiff received a payment receipt signed by Michael Bono
    acknowledging "[t]his payment is to bring the account current, PAID IN FULL" ("Exhibit
    3").

23. At all times relevant hereto, Plaintiff had at least $892.83 in their business checking
    account for Double Decker Construction at Bank of America to cover the amount of the
    Check.

24. On or about May 27, 2019, LHWPOA wrongfully instructed Bono & Associates to send
    Plaintiff's HOA Account to collections through DHN ATTORNEYS, as agent for
    LHWPOA.

25. On or about May 30, 2019, DHN ATTORNEYS, as agent for LHWPOA, improperly filed
    and recorded a Notice and Claim of Lien in the amount of $1,342.29 on Plaintiff's Property
    for assessments satisfied in full on May 20, 2019 ("Exhibit 4").

26. On or about June 4, 2019, Plaintiff's received a demand for payment for arrears on their
    LHWPOA account from Defendant, DHN ATTORNEYS.

27. Plaintiff mistakenly believed the amount pursued by DHN ATTORNEYS was a new debt owed to LHWPOA and discussed a payment plan with DHN ATTORNEYS for the alleged debt.

28. Following Plaintiff's discussions with DHN ATTORNEYS regarding setting up a payment plan, Plaintiff verified her account with LHWPOA was current and realized DHN ATTORNEYS was pursuing the debt paid in full on May 20, 2019 to LHWPOA's then management company, Bono & Associates.

29. Plaintiff informed DHN ATTORNEYS that the alleged debt they were pursuing on behalf of LHWPOA was paid in full on May 20, 2019 to Bono & Associates on behalf of LHWPOA and refused to sign a payment plan for a debt which was satisfied and paid in full.

30. On or about July 2, 2019, DHN ATTORNEYS sent a Payment Plan to Plaintiff for execution listing the alleged debt owed to LHWPOA, plus Attorneys' Fees and Costs of collections ("Exhibit 5").

31. On or about August 26, 2019, LHWPOA updated Plaintiff's HOA Account with the Check proceeds from Bono & Associates in the amount of $892.83.

32. On or about August 27, 2019, the Check cleared Plaintiff's account at Bank of America. ("Exhibit 6").

33. On or about October 3, 2019, Defendant, DHN ATTORNEYS, sent Plaintiff a letter by U.S. Certified Mail for "Default of Payment Plan Contract and Demand for Remainder" on the unexecuted payment plan dated July 2, 2019 with a demand for $858.50 covering attorneys' fees and costs pursuant to Fla. Stat. § 720.3085.

34. Defendants incorrectly rely on Fla. Stat. § 720.3085 for payment of any fees following May 20, 2019, when Plaintiff paid all assessments and fees due on her HOA Account in full.

35. Fla. Stat. § 720.3085 states:

> "[t]he claim of lien secures all unpaid assessments that are due and that may accrue subsequent to the recording of the claim of lien and before entry of a certificate of title, as well as interest, late charges, and reasonable costs and attorney fees incurred by the association incident to the collection process. The person making payment is entitled to a satisfaction of the lien upon payment in full."
>
> Fla. Stat. § 720.3085(1)(a).

36. Plaintiff had no unpaid assessments due on her Property at the time of DHN ATTORNEYS' involvement with her HOA Account.

37. On or about October 17, 2019, Plaintiff sent a letter to DHN ATTORNEYS disputing any debt owed to DHN ATTORNEYS on Plaintiff's HOA Account for the reasons stated above ("Exhibit 7").

38. On or about October 21, 2019, Plaintiff sent a letter to LHWPOA disputing any attorneys' fees or costs associated with collection activity following May 20, 2019 when all unpaid assessments for her Property was satisfied ("Exhibit 8").

39. Defendants continue to wrongfully pursue an invalid debt from Plaintiff through harassment and threats of legal action against them in violation of the FDCPA and FCCPA despite Plaintiff's continued dispute of these amounts with documentation supporting her timely payment of assessments on May 20, 2019.

40. As recent as August 24, 2020, DHN ATTORNEYS sent Plaintiff a Receipt of Partial Payments and Demand for Remainder for the disputed amount of $958.00 for attorneys' fees and costs pursuant to Fla. Stat. § 720.3085, continuously accruing, stating that if the

disputed amount owed is not paid by September 7, 2020, Defendants will proceed with

filing suit on Plaintiff's property.

## COUNT I
### (Violation of the FDCPA as to Defendant, DHN ATTORNEYS)

41. Plaintiff incorporates and realleges paragraphs one (1) through forty (40) of this Complaint

as if fully set forth herein.

42. The FDCPA was established to protect individuals and eliminate competitive

disadvantages for collection companies to act properly.

> There is abundant evidence of the use of abusive, deceptive, and unfair
> debt collection practices by many debt collectors. Abusive debt
> collection practices contribute to the number of personal bankruptcies,
> to marital instability, to the loss of jobs, and to invasions of individual
> privacy.
> […]
> (c) Means other than misrepresentation or other abusive debt collection
> practices are available for the effective collection of debts.
> […]
> (e) It is the purpose of this title to eliminate abusive debt collection
> practices by debt collectors, to insure that those debt collectors who
> refrain from using abusive debt collection practices are not
> competitively disadvantaged, and to promote consistent State action to
> protect consumers against debt collection abuses.

> 15 U.S.C §1692.

43. Defendant, DHN ATTORNEYS, willfully violated the FDCPA by engaging in unfair debt

collection practices by pursuing a satisfied debt, and participating in the harassment of

Plaintiff even after Plaintiff provided ample documentation to show the alleged debt was

paid in full on May 20, 2019.

44. 15 U.S.C. § 1692f provides in part:

> A debt collector may not use unfair or unconscionable means to
> collect or attempt to collect any debt. Without limiting the general
> application of the foregoing, the following conduct is a violation of
> this section:

> (1) The collection of any amount (including any interest, fee,
>     charge, or expense incidental to the principal obligation) unless

such amount is expressly authorized by the agreement creating
the debt or permitted by law…

45. DHN ATTORNEYS' filing of a lien on Plaintiff's Property on May 30, 2019 was not expressly authorized by any agreement creating the debt, nor were they permitted by law as no outstanding assessments were due on Plaintiff's HOA Account.

46. Further, "…[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

47. DHN Attorney's engaged and continues to engage in harassing conduct against Plaintiff by continuing to pursue a satisfied debt despite Plaintiff exercising reasonable efforts to show the debt was paid in full on May 20, 2019, prior to attorneys' fees and additional costs being expended on their HOA Account, instituting an invalid lien on Plaintiff's property on May 30, 2019 when no assessments were owed, and threatening further legal action to foreclose on Plaintiff's property when no debt is owed.

## <u>COUNT II</u>
### (Violation of the FCCPA as to Defendant, LHWPOA)

48. Plaintiff incorporates and realleges paragraphs one (1) through forty (40) of this Complaint as if fully set forth herein.

49. The FCCPA was established to protect individuals from what the Legislature deemed a series of abuses in the area of debtor-creditor relations. *Harris v. Beneficial Finance Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976).

50. At all times relevant to this action, LHWPOA is subject to and must abide by the laws of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

51. LHWPOA violated Fla. Stat. § 559.72(7) by willfully engaging in conduct that can reasonably be expected to abuse or harass Plaintiff despite Plaintiff's reasonable attempts to correct LHWPOA's records to show no amounts owed on Plaintiff's HOA Account.

52. LHWPOA violated Fla. Stat. § 559(9) by claiming, attempting, and threatening to enforce a debt when LHWPOA knows that the debt is not legitimate, and asserting the existence of a right to attorneys' fees when that right does not exist as all assessments and fees on Plaintiff's Property were paid in full on May 20, 2019, and any other attorneys' fees and costs following that date are not valid against Plaintiff.

53. LHWPOA's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## <u>COUNT III</u>
### (Violation of the FCCPA as to Defendant, DHN ATTORNEYS)

54. Plaintiff incorporates and realleges paragraphs one (1) through forty (40) of this Complaint as if fully set forth herein.

55. The FCCPA was established to protect individuals from abuse in the area of debtor-creditor relations. *Harris v. Beneficial Finance Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976).

56. At all times relevant to this action, Defendant, DHN ATTORNEYS, is subject to and must abide by the laws of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

57. Defendant, DHN ATTORNEYS, violated Fla. Stat. § 559.72(7) by willfully engaging in conduct with such frequency as can reasonably be expected to harass Plaintiff.

58. Defendant, DHN ATTORNEYS, violated Fla. Stat. § 559(9) by claiming, attempting, and threatening to enforce a debt when DHN ATTORNEYS know that the debt is not legitimate, and asserting the existence of a right to attorneys' fees when that right does not exist as all assessments and fees on Plaintiff's Property were paid in full on May 20, 2019, and any other attorneys' fees and costs following that date are not valid against Plaintiff.

59. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against each Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted, this 23rd day of September 2020.

*/s/ Jared M. Lee, Esq.*
Jared M. Lee, Esq.
   Florida Bar #: 0052284
**Jackson Lee | PA**
1985 Longwood Lake Mary Rd.
Ste. 1001
Longwood, FL 32750
Tel: (407) 477-4401
Fax: (407) 477-4949
Email: Jared@JacksonLeePA.com
      Service@JacksonLeePA.com
      Melissa@JacksonLeePA.com
*Counsel for Plaintiff*